UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERMAINE NATHANIEL GLYNN,

Plaintiff,

-against-

JANNO LIEBER, et al.,

Defendants.

26-CV-3228 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, asserts claims against Janno Lieber, Chief Executive Officer of the Metropolitan Transportation Authority (MTA), as well as other individuals who are identified as the MTA's Chief Accessibility Officer, Chief Security Officer, and Chief Financial Officer. By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff Jermaine Nathaniel Glynn states that his claims arose beginning September 3, 2024, in Brooklyn, Queens, Manhattan, and Staten Island, New York. (ECF 1 at 5.) Plaintiff relies on 18 U.S.C. § 666, a criminal statute governing theft and bribery in federally funded programs. He states that his unspecified "property was unknowingly stolen and taken for public use without just compensation." (*Id.* at 6.)

Plaintiff also invokes a statute concerning pay and allowances for members of the uniformed services, 37 U.S.C. § 452(11). Plaintiff asserts that, as a member of the uniformed services or "authorized traveler," he is entitled to transportation, lodging, or meals for official travel under extraordinary hardship or emergency circumstances.

Plaintiff sues MTA officials, seeking ten million dollars and an order directing Defendants to provide transportation, lodging, and meals in kind. (*Id.*)

## DISCUSSION

### A.    Frivolous claims

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint appears to be premised upon his belief that he is a member of the armed forces or an "authorized traveler" and that, as such, the MTA is required to provide him free transportation.[2] The MTA is a public benefit corporation created by New York law. *See Rose v. Long Island R.R.*, 828 F.2d 910, 916 (2d Cir. 1987). Neither the MTA nor its individual officers are proper defendants for an action under 37 U.S.C. § 452 concerning pay and allowances for members of the uniformed services of the United States.

Plaintiff also cannot prosecute criminal charges under 18 U.S.C. § 666.[3] "[T]he decision to prosecute is solely within the discretion of the prosecutor," *Leeke v. Timmerman*, 454 U.S. 83,

---

[2] Plaintiff filed at least a dozen other actions the same week that this action was filed, and he has referred to himself in other complaints as "Judge Jermaine Nathaniel Glynn," rather than as a member of the armed forces. *See*, e.g., *Glynn v. Wilson*, No. 26-CV-3155 (S.D.N.Y.); *Glynn v. Roberts*, No. 26-CV-3074 (S.D.N.Y.).

[3] *See United States v. Rooney*, 37 F.3d 847, 851 (2d Cir. 1994) (holding that Section

87 (1981), and prosecutors are "immune from control or interference by citizen or court," *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff's claims must therefore be dismissed. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**B.      Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

The Court dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    April 27, 2026
          New York, New York

                                          /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                      Chief United States District Judge

---

"666's manifest purpose is to safeguard finite federal resources from corruption and to police those with control of federal funds").